IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB LEHMKUHL,

      **Plaintiff,**

      v.                                   CASE NO. 23-3107-JWL

JEFF EASTER, Sedgwick County
Sheriff,

      **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jacob Lehmkuhl is hereby required to show good cause, in writing to the undersigned, why his claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed. The Court finds that the proper processing of Plaintiff's Eighth Amendment claims cannot be achieved without additional information from appropriate officials of the SCJ.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that on September 20 or 21, 2022, Defendant Jeff Easter sexually assaulted Plaintiff at the SCJ, by groping Plaintiff while he was in restraints, spreading Plaintiff's "butt cheeks," and then pinning Plaintiff against the desk. (Doc. 7, at 3; Doc. 7–1, at 1.)

Plaintiff also alleges that he was forced to stay in unhealthy living conditions for ten days.  (Doc. 7, at 3.)  Plaintiff claims that around November 17, 2022, he was forced to stay in an area with so much feces on the walls that feces came out of his nostrils the next day when he blew his nose.  *Id*. at 4; Doc. 7–1, at 1.  Plaintiff alleges that his cell walls, the food pass, the

camera, and the vents, were covered in feces, and there was bug larvae everywhere.  (Doc. 7–1, at 1.)  Plaintiff also claims that the cold water "barely drizzled."  *Id*.  Plaintiff alleges that his requests to move or have his cell cleaned were refused.  *Id*. at 2.  Plaintiff alleges that he went to medical due to a sore throat and lung pain.  Doc. 1, at 4.

Plaintiff alleges violations of:  K.S.A. 21-5416, Mistreatment of a Confined Person; K.S.A. 21-5505, Aggravated Sexual Battery; and the Eighth Amendment.  Plaintiff names Sheriff Jeff Easter as a defendant.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  K.S.A. 21-5416 and K.S.A. 21-5505

Plaintiff cites to two criminal statutes—K.S.A. 21-5416 (Mistreatment of a Confined Person), and K.S.A. 21-5505 (Sexual Battery; Aggravated Sexual Battery). There is no indication that Kansas courts have found these criminal statutes can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted). The Kansas statutes cited by Plaintiff are criminal statutes that do not mention civil liability and are not enforceable through a civil lawsuit. Plaintiff should show good cause why his claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed.

### 2.  Eighth Amendment

Plaintiff also alleges that he was sexually assaulted and that he was subjected to unhealthy living conditions at the SCJ. The Tenth Circuit has held that a pretrial detainee's

claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

"The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*.  It is not enough to establish that the official should have known of the risk of harm.  *Id*.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the SCJ.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the SCJ to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that  Plaintiff is granted until **June 23, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that:

(1)     The Clerk is direct to send a waiver of service to Defendant Easter.

(2)     The SCJ officials shall submit the *Martinez* Report by  **July 5, 2023**.   Upon the filing of that Report, the Court will screen Plaintiff's Complaint.  If the Complaint survives screening, the Court will enter a separate order setting an answer deadline.   Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling.

(3)     Officials responsible for the operation of the SCJ are directed to undertake a review of the subject matter of the Complaint:

        a.     To ascertain the facts and circumstances;

b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4)      Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the SCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The SCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5)      Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(6)      Authorization is granted to the officials of the SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(7)      No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8)      Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Sheriff Easter as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the District Attorney for Sedgwick County.

**IT IS SO ORDERED.**

**Dated May 23, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**