IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB LEHMKUHL,

    **Plaintiff,**

v.                                                                     CASE NO. 23-3107-JWL

JEFF EASTER, Sedgwick County
Sheriff,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On May 23, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") finding that the proper processing of Plaintiff's Eighth Amendment claims cannot be achieved without additional information from appropriate officials of the SCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the SCJ to prepare and file a *Martinez* Report regarding Plaintiff's Eighth Amendment claim.

The Court also directed Plaintiff to show good cause why his claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed. This matter is before the Court on Plaintiff's motion (Doc. 9) requesting an extension of time to respond to the MOSC.

Plaintiff indicates that he will be released mid-July and then would need an additional two months to obtain counsel to respond to the MOSC. The Court notes that because a *Martinez* Report has been ordered by the Court for Plaintiff's Eighth Amendment claims, Plaintiff is not required to respond to those claims at this time.

The claims that are subject to dismissal are based on two criminal statutes that do not provide civil causes of action. Plaintiff cites to two criminal statutes—K.S.A. 21-5416 (Mistreatment of a Confined Person), and K.S.A. 21-5505 (Sexual Battery; Aggravated Sexual Battery). The Court explained in the MOSC that there is no indication that Kansas courts have found these criminal statutes can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted). The Kansas statutes cited by Plaintiff are criminal statutes that do not mention civil liability and are not enforceable through a civil lawsuit. Therefore, the Court ordered Plaintiff should show good cause why his claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed.

Plaintiff initiated this case on April 18, 2023, and has a duty to prosecute his case. Because the claims Plaintiff is required to respond to at this time do not appear to be viable, the Court denies Plaintiff's request to continue this case for several months to allow him to obtain counsel. The Court will grant Plaintiff a short extension of time to respond to the MOSC to show good cause why his claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed. Plaintiff is not required to respond regarding his Eighth Amendment claims at this time.

3

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 9) seeking an extension of time is **granted in part**. Plaintiff is granted until **July 7, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed for the reasons stated in the Court's MOSC at Doc. 8.

**IT IS SO ORDERED.**

Dated June 9, 2023, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**