IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB LEHMKUHL,

    **Plaintiff,**

v.                                                                                                CASE NO. 23-3107-JWL

JEFF EASTER, Sedgwick County
Sheriff,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ" or "SCADF"). The Court granted Plaintiff leave to proceed in forma pauperis. On May 23, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") finding that the proper processing of Plaintiff's Eighth Amendment claims cannot be achieved without additional information from appropriate officials of the SCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the SCJ to prepare and file a *Martinez* Report regarding Plaintiff's Eighth Amendment claim by July 5, 2023. That report was filed on July 5, 2023 (Doc. 14).

The Court also directed Plaintiff to show good cause why his claims under K.S.A. 21-5416 and K.S.A. 21-5505 should not be dismissed. These claims are based on two criminal statutes that do not provide civil causes of action. Plaintiff has failed to show good cause why these claims should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has also filed an "Objection to Martinez Report" (Doc. 18), lodging several unsubstantiated accusations regarding the completion and service of the Report. Plaintiff alleges

1

that the Report was due on July 5, 2023, but was untimely filed on July 6, 2023. Plaintiff alleges that the SCADF was held in contempt in Case No. 22-3282 "for deliberately failing to file a Martinez Report."[1]  (Doc. 18, at 1–2.)  Plaintiff also complains that he was not interviewed for the Report, he was sent a copy of the Report on a flash drive which "was sent to place this plaintiff in violation of rules for possession of contraband," and "[n]o paper copies of [the Report] were provided."  *Id*. at 2.  Based on these allegations, Plaintiff asks the Court to refuse the Report and treat it as non-existent.  *Id*. at 3.

In fact, the Report was filed on July 5, 2023—the due date.  The Sheriff, as Interested Party, was authorized to interview Plaintiff as part of the Report, but was not required to do so. The Tenth Circuit has characterized the authority to interview witnesses as a permissive grant, and not a mandatory requirement.  *See Nickelberry v. Pharaoh*, 221 F.3d 1352 (Table), 2000 WL 985665, at *2 (10th Cir. 2000) (unpublished).  The Tenth Circuit has previously noted that "there is no required procedure for reports ordered under Martinez."  *Id*. (citation omitted); *see also Hunter v. Young*, 2006 WL 2850278, at *1 (D. Kan. 2006) ("There is no required procedure for reports ordered under *Martinez* and a court is not required to mandate interrogation of specific people pursuant to plaintiff's desires.").

Sheriff Easter has responded to Plaintiff's objection, noting that "the Objection is riddled with inaccurate and misleading statements, demanding a response."  (Doc. 19.)  The response notes that the Report was timely filed; a paper copy of the Report has been provided to Plaintiff; neither the Sheriff or SCADF are involved in Case No 22-3282; and the Sheriff received permission from the Court to file the video conventionally and a copy was delivered to the inmate coordinator as SCADF.  *Id*. at 1–2.

---

[1] Nothing in Case No. 22-3282 suggests that the failure to file the report in that case was "deliberate."  As a result of the failure to timely file the report, the Court determined that the amended complaint survived screening and ordered service.  Nothing in the Order at Doc. 7 in that case suggests anyone was held in contempt.

The Court finds that Plaintiff's allegations in his objection are baseless and that he should refrain from filing any further submissions until the Court has reviewed the Report. Plaintiff previously alleged in his motion at Doc. 11 that "upon information and belief" Sedgwick County is not intending to complete the *Martinez* Report. (Doc. 11, at 2.) The Court responded that in light of Defendant's request to file an attachment to the Report conventionally, Plaintiff's concern appeared to be unfounded. Likewise, all of the allegations in Plaintiff's objection at Doc. 18 are baseless and inaccurate.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims under K.S.A. 21-5416 and K.S.A. 21-5505 are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's claims in Doc. 18 are without merit and he should refrain from filing any further submissions until the Court has reviewed the *Martinez* Report.

**IT IS SO ORDERED.**

**Dated July 14, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE**